**U.S.A. vs. Tavonte Lamont Holliday**                    **Docket No. 5:23-CR-136-2D**

### Petition for Action on Supervised Release

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Tavonte Lamont Holliday, who upon an earlier plea of guilty to Possession of a Firearm by Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on June 25, 2024, to the custody of the Bureau of Prisons for a term of time served. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Tavonte Lamont Holliday was released from custody on June 25, 2024, at which time the term of supervised release commenced.

On July 25, 2024, a Petition for Action was submitted to the court advising the defendant was currently on home incarceration with location monitoring; however, to remain gainfully employed, the defendant's conditions would need to be modified to home detention. The court agreed to modify the condition to home detention with location monitoring and Holliday was continued on supervision.

On May 7, 2025, a Violation Report was submitted to the court advising the defendant received a citation for Aid and Abet Driving Under the Influence of an Impairing Substance by Allowing Him (Applewhite) to Drive or Operate a Motor Vehicle in Wilson County, North Carolina (25CR002495). Holliday immediately contacted the undersigned officer and advised of the law enforcement contact. The defendant informed the undersigned officer that since he did not have a valid license, he allowed his friend to drive. Holliday denied guilt and advised he did not know his friend was impaired and intended to plead not guilty during state proceedings. It was respectfully recommended that Holliday be continued on supervision pending adjudication and the court agreed. This case remains pending.

On October 8, 2025, a Violation Report was submitted to the court advising the defendant received a citation for No Liability Insurance and Driving While License Revoked in Wilson County, North Carolina (25CR6946). Holliday admitted to driving and the undersigned officer counseled him about his actions and instructed him to not operate a motor vehicle until properly licensed. It was respectfully recommended that he be continued on supervision and the court agreed.

On November 18, 2025, a Violation Report was submitted to the court advising the defendant received a citation in Harnett County, North Carolina, for Possess Marijuana Up to ½ Ounce and Possess Marijuana Paraphernalia (25CR8867). The defendant contacted the undersigned officer and advised of the law enforcement contact. Holliday stated that he was visiting family as he will not be able to see them over the holidays due to his work schedule. The defendant advised that family members were getting in and out of his vehicle throughout the day and claimed that he was unaware that family members had illegal substances on them. Holliday vehemently denied guilt and advised he intended to plead not guilty during state proceedings. The defendant was counseled about his actions and reminded to be cognizant about who/what he allows in his vehicle. It was respectfully recommended that the defendant be continued on supervision pending adjudication at the state and the court agreed. This case was dismissed on March 19, 2026.

On April 21, 2026, a Violation Report was submitted to the court advising a warrant was issued for the defendant's arrest, alleging he committed the criminal offenses of Misdemeanor Larceny, Injury to Real Property, and Assault on a Female, in Wilson County, North Carolina (26CR286128). Holliday was arrested

and given a $2,000.00 unsecured bond. The defendant contacted the undersigned officer and denied the allegations. Holliday advised he intended to plead not guilty during state proceedings. The undersigned officer spoke with the alleged victim, who is the defendant's girlfriend, China Parker. Ms. Parker advised that she did not intend to pursue prosecution in this case and denied feeling unsafe or in fear for her life. It was respectfully recommended that the defendant be continued on supervision pending adjudication and the court agreed. This case was dismissed on May 19, 2026.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

## IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall submit to a search, at any time, with our without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

4. The defendant shall support his dependents.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: June 23, 2026

## ORDER OF THE COURT

Considered and ordered this __24__ day of __June__, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge