UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Tavonte Lamont Holliday** **Docket No. 5:23-CR-136-2D**

**Petition for Action on Supervised Release**

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Tavonte Lamont Holliday, who, upon an earlier plea of guilty to Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(8), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on June 25, 2024, to the custody of the Bureau of Prisons for a term of time served. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Tavonte Lamont Holliday was released from custody on June 25, 2024, at which time the term of supervised release commenced.

On July 25, 2024, a Petition for Action was submitted to the court advising the defendant was currently on home incarceration with location monitoring; however, to remain gainfully employed, the defendant's conditions would need to be modified to home detention. The court agreed to modify the condition to home detention with location monitoring and Holliday was continued on supervision.

On May 7, 2025, a Violation Report was submitted to the court advising the defendant received a citation for Aid and Abet Driving Under the Influence of an Impairing Substance by Allowing Him (Applewhite) to Drive or Operate a Motor Vehicle in Wilson County, North Carolina (25CR2495). Holliday immediately contacted the undersigned officer and advised of the law enforcement contact. The defendant informed the undersigned officer that since he did not have a valid license, he allowed his friend to drive. Holliday denied guilt and advised he did not know his friend was impaired and intended to plead not guilty during state proceedings. It was respectfully recommended that Holliday be continued on supervision pending adjudication and the court agreed. This case was dismissed on July 6, 2026.

On October 8, 2025, a Violation Report was submitted to the court advising the defendant received a citation for No Liability Insurance and Driving While License Revoked in Wilson County, North Carolina (25CR6946). Holliday admitted to driving and the undersigned officer counseled him about his actions and instructed him to not operate a motor vehicle until properly licensed. It was respectfully recommended that he be continued on supervision and the court agreed.

On November 18, 2025, a Violation Report was submitted to the court advising the defendant received a citation in Harnett County, North Carolina, for Possess Marijuana Up to ½ Ounce and Possess Marijuana Paraphernalia (25CR8867). The defendant contacted the undersigned officer and advised of the law enforcement contact. Holliday stated that he was visiting family as he will not be able to see them over the holidays due to his work schedule. The defendant advised that family members were getting in and out of his vehicle throughout the day and claimed that he was unaware that family members had illegal substances on them. Holliday vehemently denied guilt and advised he intended to plead not guilty during state proceedings. The defendant was counseled about his actions and reminded to be cognizant about who/what he allows in his vehicle. It was respectfully recommended that the defendant be continued on supervision pending adjudication at the state and the court agreed. This case was dismissed on March 19, 2026.

On April 21, 2026, a Violation Report was submitted to the court advising a warrant was issued for the defendant's arrest, alleging he committed the criminal offenses of Misdemeanor Larceny, Injury to Real Property, and Assault on a Female, in Wilson County, North Carolina (26CR286128). Holliday was arrested

and given a $2,000.00 unsecured bond. The defendant contacted the undersigned officer and denied the allegations. Holliday advised he intended to plead not guilty during state proceedings. The undersigned officer spoke with the alleged victim, who is the defendant's girlfriend, China Parker. Ms. Parked advised that she did not intend to pursue prosecution in this case and denied feeling unsafe or in fear for her life. It was respectfully recommended that the defendant be continued on supervision pending adjudication and the court agreed. This case was dismissed on May 19, 2026.

On June 23, 2026, a Petition for Action was submitted to the court advising the defendant signed a Waiver of Hearing agreeing to abide by all conditions ordered at sentencing on June 25, 2024.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On September 7, 2026, the defendant received a citation in Nash County, North Carolina, for Reckless Driving to Endanger. At the time of this writing, the case number remains unknown.

On September 7, 2026, just an hour after receiving the above citation, the defendant received another citation in Nash County, North Carolina, for Reckless Driving to Endanger and Failure to Maintain Lane Control (26CR9952). The defendant was involved in a single vehicle crash where his vehicle left the roadway, rolled over, and the defendant broke his leg. The defendant required surgery and was released from the hospital after several days.

As a sanction for the above conduct, it is respectfully recommended that the defendant be placed on a curfew with location monitoring for 180 days.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 180 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: GPS monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: September 22, 2026

**ORDER OF THE COURT**

Considered and ordered this 24 day of September, 2026, and ordered filed and made a part of the records in the above case.

J Dever
James C. Dever III
U.S. District Judge